UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DALE A. MEINEMA,<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:18-cv-00435<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW comes** Dale A. Meinema ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Diversified Consultants, Inc. ("Defendant," or "DCI") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Michigan Occupational Code ("MOC") at M.C.L. §339.901 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Western District of Michigan.

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

## FACTS SUPPORTING CAUSE OF ACTION

6. On or before November 2017, Plaintiff entered into a dispute with his television provider about the return of his equipment ("subject debt").

7. In late November 2017, Defendant began placing collection calls to Plaintiff's cellular telephone number (269) XXX-5225 attempting to collect on the subject debt.

8. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

9. After receiving numerous calls from Defendant, Plaintiff was incensed with the number of calls he was receiving, so he asked Defendant to stop calling him.

10. Despite Plaintiff's requests, Defendant continued to place multiple calls to Plaintiff's cellular phone every week.

11. Frustrated by Defendant's failure to cease placing calls to his cellular phone, Plaintiff answered a phone call from Defendant and again requested it to "stop calling."

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call plaintiff.

13. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone between December 2017 and the present day.

14. Plaintiff requested that Defendant cease placing calls to his cellular phone on no less than 5 separate occasions.

15. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

17. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

18. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

20. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

21. The phone numbers that Defendant most often uses to contact Plaintiff are (616) 552-8834, (616) 552-8818, and (616) 552-8759, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

### DAMAGES

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

25. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on no less than five separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

35. Furthermore, Defendant has relentlessly called Plaintiff on no less than 27 occasions, on back-to-back days, and multiple times in one day. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

5

36. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692d

37. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

38. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone with calls taking place several times in one day, up to 2 times per day, using an automated telephone dialing system without Plaintiff's consent.

39. As pled above, Plaintiff was severely harmed by Defendant's conduct.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

41. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Michigan in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

42. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff DALE A. MEINEMA respectfully requests that this Honorable Court:
a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

44. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

46. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

47. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

7

48. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

49. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50. Defendant violated the TCPA by placing no less than 27 phone calls to Plaintiff's cellular phone between December 2017 and the present day, using an ATDS without his prior consent.

51. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone on at least five separate occasions.

52. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

53. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

55. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

56. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DALE A. MEINEMA respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

57. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

58. Plaintiff is a "consumer" or "debtor" as defined by M.C.L § 339.901(f) as he is a person that is obligated or allegedly obligated to pay a debt.

59. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

60. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

#### a. Violations of M.C.L. § 339.915(f)(ii)

61. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

62. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly removed after plaintiff demanded that it cease calling his cellular phone. As such, Defendant misrepresented its legal rights in placing the phone calls, as

9

well as Plaintiff's legal rights to have such phone calls cease, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

63. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

64. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 27 times after he demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands in an attempt to collect a debt was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

65. Plaintiff told Defendant that its calls to his cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

66. Moreover, Defendant consistently calls Plaintiff's on weekends, a time which should be known to be inconvenient.

### c. Violations of M.C.L. § 339.915(q)

67. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

68. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff demanded that Defendant stop calling. Notwithstanding Plaintiff's clear request, Defendant continued calling. This demonstrates the lack of any procedures in place Defendant designed to address consumer requests that incessant phone calls are inconvenient and should cease. As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

69. Defendant's violations of the MOC were willful. Defendant was *repeatedly* notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

**WHEREFORE**, Plaintiff DALE A. MEINEMA respectfully prays this Honorable Court for the following relief:

    a. Declare Defendant's phone calls to Plaintiff to be violations of the MOC;
    b. Enjoining Defendant from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);
    c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);
    d. Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);
    e. Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); ;
    f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 18, 2018                               Respectfully Submitted,

                                                    /s/ Alexander J. Taylor
                                                    Alexander J. Taylor, Esq.
                                                    *Counsel for Plaintiff*
                                                    Sulaiman Law Group, Ltd
                                                    2500 South Highland Avenue
                                                    Suite 200
                                                    Lombard, IL 60148
                                                    Telephone: (630) 575-8181 x140
                                                    ataylor@sulaimanlaw.com